DAVID F. DICKINSON, plaintiff in error, vs. LIZAR SOLOMONS, defendant in error.

[1.] The entry made by a plaintiff in execution or the assignee of an execution, cannot, by making an entry of satisfaction on the execution, stating that it was satisfied by the sale to him of certain negroes, manufacture for himself a title to the negroes, and such entry cannot be admitted in evidence in support of his title.

[2.] If plaintiff in trover relies, among other things, on possession as evidence of title; and the defendant controverts the possession in plaintiff, and submits proof that the possession was in the person under whom he claims, a note given by such person for the hire of this negro is good evidence in rebuttal as explanatory of his possession.

[3.] New trial seldom granted to give a party an opportunity to impeach a witness, or to introduce new cumulative evidence, and never unless the party asking the new trial is without fault and has shown the utmost diligence to procure the evidence before trial.

Trover, in Chatham Superior Court. Tried before Judge FLEMING, at May Term, 1858.

This was an action of trover brought by David F. Dickinson against Lizar Solomons for the recovery of three negro slaves, Milo, Harriet and Alfred.

The negroes in controversy formerly belonged to Joseph Bush, who died in 1853. The plaintiff, Dickinson, claimed as purchaser from Bush in his lifetime. The defendant claimed in right of his wife, who was one of the heirs at law of Bush.

In the progress of the trial the plaintiff offered a certified copy of an execution in favor of Albert W. Smith against said Bush, and assigned by Smith to the plaintiff, with the endorsements and entries thereon. The *fi. fa.* was for $964 07 principal, and interest from 30th December, 1839, and $12 50 costs. Upon this *fi. fa.* was an endorsement by Dickinson that he had bought and received from said Bush the slaves, Lucy and her babe Peter, *Harriet*, and her boy *Alfred, Milo*, Stephen, Zina and Ben; and in consideration thereof he, Dickinson, had obligated himself to extinguish

and satisfy said (within) *fi. fa.*, and to pay the further sum of $600.

There was a further entry of satisfaction in full of the principal, interest and cost of the *fi. fas.*, signed by Dickinson and dated 23d December, 1845.

This *fi. fa.*, with the entries and endorsements thereon, was admitted by the Court to prove *satisfaction* thereof, but not to prove that the plaintiff had bought and paid for the negroes in dispute, and this decision constitutes the plaintiff's first ground for a new trial.

The plaintiff, in rebuttal, offered in evidence a promissory note made by Bush to plaintiff, as follows:

" On the first of January, 1844, I promise to pay D. F. Dickinson, or bearer, sixty dollars for the hire of his negro woman and child for one year and four months' hire.

19th October, 1842.

[Signed]                    JOSEPH BUSH."

The Court refused to admit this note in evidence, and plaintiff excepted.

The jury found for the defendant, whereupon plaintiff moved for a new trial on the following grounds :

1st. Because the Court erred in refusing to admit in evidence the *fi. fa.* of Albert W. Smith vs. Joseph Bush, with the endorsements thereon, a copy of which is hereto attached, which was offered by the plaintiff to prove that he had paid for the negroes in dispute by entering satisfaction on the same; the Court having admitted said *fi. fa.* and indorsements to show the satisfaction only, but not to prove payment for said negroes.

2d. Because the Court erred in refusing to admit, as testimony in rebuttal for the plaintiff, the original note, of which the following is a copy, to-wit:

" On the first of January, 1844, I promise to pay D. F. Dickinson, or bearer, sixty dollars for hire of his negro wo-

man Harriet and child, for one year and four months' hire. 19th October, 1842.

[Signed]        JOSEPH BUSH."

It having appeared from the testimony for the defence that the defendant claimed as the representative of the heirs-at-law of Joseph Bush; and it having further appeared that the said Harriet and her child Alfred were two of the negroes in dispute, and the signature of said note having been proved to be the handwriting of the said Joseph Bush.

3d. Because the said verdict was decidedly and strongly against the weight of evidence.

4th. On the ground of newly discovered testimony in this, to-wit:

That since the trial of said cause, the plaintiff has discovered that he can, by the testimony of John D. Walker and George Mixon, impeach the credit of David Ward, of Burke county, a material witness for the said defendant, whose testimony was taken by commission, and read on said trial; all of which will more fully appear by reference to the affidavits of the said plaintiff and of the said John D. Walker and George Mixon; neither the said plaintiff nor his counsel having been aware what the testimony of the said David Ward would be, until the said commission was opened just previously to the said trial, and during the term of the Court when the same took place.

That since the trial of the said cause, the said plaintiff has discovered that he can prove by one Thomas Ogg, of Texas, formerly of this State, that he, the said Thomas Ogg, was cognizant of the sale and delivery of the said negroes by the said Joseph Bush to the said plaintiff; that he was also cognizant of the performance of part of the consideration for such sale; that said negroes were in the possession of the said plaintiff, while the said Ogg was in his employment; that previously to the said trial, the plaintiff had been unable to ascertain th place of residence of the said Ogg, and that he did not ascertain the same until after the said trial; and

that he expects to be able to procure the testimony of the said Thomas Ogg by the next term of this Court; all of which will more fully appear by reference to the affidavit of the said plaintiff.

The Court refused to grant a new trial, and plaintiff excepted.

JONES & STURGES, for plaintiff in error.

WARD; OWEN & JONES, *contra.*

*By the Court.*—McDONALD J. delivering the opinion.

[1.] The error assigned in this record is on the judgment of the Court below refusing a new trial on the motion of the plaintiff. This was an action of trover for negroes, and the plaintiff offered in evidence a special entry endorsed on an execution in favor of Albert W. Smith, of which the plaintiff is assignee, against Joseph Bush, under whom defendant claims title, signed by himself for the purpose of proving title to the negroes sued for in himself. I know no rule of evidence on which this testimony can be admitted. The entry was manifestly the work of the plaintiff himself, Bush, the defendant, not participating therein or assenting thereto. At least, such participation or assent does not appear in the record. To admit it would seem to me to allow any holder of a *fi. fa.*, by his own entry to acquire the property of the defendant at his own will; or at least to manufacture evidence of a transfer of title for a consideration, which it might be difficult to rebut. Such special entries are out of the usual course of business. To enter satisfaction of an execution is against the interest of the plaintiff or assignee, but if at the time of entering satisfaction, he can acquire property to treble the value of the debt by saying in the entry, that the sale of that property was the consideration for the entry, it is certainly to his interest to do it. The mind of my brother Benning, who presided with me in this case,

is not so well satisfied that the entry of satisfaction may not legally show the manner of satisfaction, and if necessary to be given in evidence, that the whole should not go together. I have already assigned my reasons of entertaining a contrary opinion.

[2.] The Court refused to admit, as evidence in rebuttal, the note, a copy of which is set forth in the second ground in the motion for a new trial. The presiding Judge considered it not rebutting testimony, which kind of evidence alone he said the plaintiff could give, at the stage of the case at which it was offered. But was it not rebutting evidence? The plaintiff had shown, or his witnesses had testified, that he had been in possession of the negroes a great many years. The defendant, on the contrary, introduced evidence tending to prove that Joseph Bush had always had the possession.

It was certainly in explanation of Bush's possession and in rebuttal of his proof, to show that his possession was on hire; and the note expressing on its face that it was for hire of negroes, was worth something as proof of that.

We think there is nothing in the ground taken, that the verdict was decidedly and strongly against the weight of evidence.

[3.] The last ground taken in the motion for a new trial is newly discovered evidence. The plaintiff claims to have discovered, since the trial, witnesses by whom he can impeach a material witness for the defendant. Perhaps a case may be conceived on which a new trial ought to be granted for the discovery of such evidence. But if there be such a cause, it must be where the party introducing the testimony to be impeached was guilty of a fraudulent contrivance to impose suddenly on the Court a witness, whose character the opposite party could, by no possible diligence, have impeached, and who gave false testimony. But in this case, the witness sought to be impeached, was known, his testimony was taken by commission, and the interrogatories propoun-

ded to him, indicated the proof expected to be made by him. The plaintiff ought to have known that the defendant expected to make proof adverse to his interest and to have made preparation, if he knew the evidence expected to be made, would be, if made false, to counteract its effects, and the first thing that would suggest itself to a prompt mind, would be, that the false testimony could be given by none but a witness of worthless character and incredible, and that it was necessary to enquire into his character without delay. Nothing of this sort was done  He risked the chances of a trial, and when a verdict was rendered against him, he set to work with great energy to get up grounds for a new trial, and was prepared, at the term of the Court at which the cause was tried, with evidence, submitted by affidavits to show that the character of the witness disentitled him to credit. There was gross negligence on his part before the trial, if he knew the evidence would be false if made.

There is even less pretense for a new trial on the ground that Ogg's evidence was newly discovered. Ogg had lived with the plaintiff; the affidavit states that the negroes were in his possession at the time. Instead of writing to him to know *what would be his testimony*, he ought to have presumed it would be the truth, and to have made out interrogatories and forwarded them with a commission, at once to take his testimony, instead of writing to him. The plaintiff deposes that he did not know his address until the reception of this letter. It seems that the letter written to him before the trial, was received by him, and the commission, perhaps, would have gone quite as well, and if sent a little sooner, might have been returned before the trial.

The evidence of this witness is cumulative merely, and, on that ground, is entitled to little consideration on a motion for a new trial.

We affirm the decision of the Court below on all the grounds taken in the motion for a new trial except the refu-

sal to admit in evidence the note given by Joseph Bush for the hire of negroes, and on that ground must reverse his judgment refusing the new trial.

Judgment reversed.